UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER: 09-261 |
| JERMAINE HOLDEN | SECTION: "B" |

## ORDER AND REASONS

For the reasons assigned below,

**IT IS ORDERED** that defendant Jermaine Holden's *pro se* filed opposed motions to correct pre-sentence report of investigation (PSR), construed as a motion to correct and reduce sentence, and for transfer to a low security facility are **DENIED**, **without prejudice and subject to** a timely filed motion to withdraw or amend the instant motion to correct and reduce sentence **within 20 days from entry of this order**. See Rec. Docs. 79 thru 82. **Defendant is warned** that failure to timely withdraw or amend the motion to correct and reduce sentence could restrict or bar future applications for habeas relief as successive petitions under 28 U.S.C. § 2255(h). In the event of a timely withdrawal, defendant may file an amended § 2255 petition asserting instant as well as additional grounds for relief, e.g. ineffectiveness of counsel. See *Castro v. United States*, 540 U.S. 375, 382–83, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).

Defendant is a prisoner at Oakdale Allen II Federal Correction Institute. On February 28, 2011, defendant plead guilty to Counts one and two of an indictment, which charged him with distribution of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 841(b)(1)(A). Rec. Doc. 37 at 1. Defendant also plead guilty to a bill of information for being a multiple offender, based on one prior felony drug conviction pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(A). Defendant's plea agreement states in pertinent part:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his prior conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant established ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory minimum.

See Rec. Doc. 37 at 2.

The PSR placed defendant at a base offense level of 26 based on the Sentencing Guideline provision found at USSG § 2D1.1 for a 21 U.S.C. § 841 offense. (Rec. Doc. 49). In this case, defendant is responsible for 107.6 grams of cocaine base. Pursuant to USSG § 2D1.1(c)(7), offenses involving at least 28 grams, but less than 112 grams of cocaine base has a base offense level of 26. *Id*. at 9.

Under the section titled "Chapter Four Enhancements" the PSR correctly indicated defendant was considered a career offender because "he was at least 18 years old at the time of the instant offense, the instant offense is a felony involving a controlled substance and/or crime of violence, and the defendant has at least two prior felony convictions for controlled substances." *Id*. The section further notes that defendant was convicted of distribution of cocaine and distribution of a falsely represented controlled dangerous substance and enhanced his offense level to a 37. *Id*. The PSR also gives defendant credit by way of an adjustment of acceptance of responsibility, reducing defendant's offense level by three levels, resulting in a total offense level of 34. *Id*.

According to the accepted calculations in the PSR, the sentencing guidelines provided for a sentence of 262-327 months of imprisonment. Rec. Doc. 49-1. On October 18, 2012, defendant was sentenced to 200 months in prison for Counts one and two of the indictment, to be served concurrently. Rec. Doc. 66 at 1. Defendant subsequently filed a motion to reduce sentence on January 12, 2015. Rec. Doc. 70. Defendant's motion was referred to the court's Retroactivity Screening Committee for a determination of eligibility for a reduction of sentence. Rec. Doc. 71. The court subsequently agreed with the Committee and found: "Although the sentence imposed was a downward variance, the court did so from the Career Offender

guideline which remains unchanged under Amendment 782. Therefore, the defendant is ineligible for a 3582-sentence reduction." Rec. Doc. 72.

Defendant then filed a motion to reduce his sentence pursuant to the First Step Act. Rec. Doc. 74. That motion was also denied for the following stated reason. "Defendant is not eligible for a reduction under Section 404 of the First Step Act because his original sentence was previously imposed by Judge Duval in accordance with the amendment made by sections 2 and 3 of the Fair Sentencing Act of 2010. [See First Step Act of 2018, Section 404(c) - "Limitations"; and Supplemental information at Third Addendum to the PSR]." Rec. Doc. 77.

In this third post-sentence motion for reduction, defendant contends the base offense level was miscalculated. Specifically, he contends he "should have been on Level 34 as his base offense level, and then awarded the 3 points pursuant to § 3E1.1 (Acceptance of Responsibility) thus bringing his sentencing offense level to 31 with a range of 188-235 months." Rec. Doc. 79 at 2. He cites no federal rule of criminal procedure, federal statute, or regulation that entitles him to this requested relief.

Defendant argues that if the PSR had correctly calculated his offense level, the sentencing court would have given him the low end of the guideline range of 188 months, and because the sentencing court applied a downward variance "due to mitigating factors concerning movant" it is conceivable that the sentence would have been even lower. *Id*. at 2-3. Finally, defendant further argues that "the Supreme

4

Court in Mathis ruled that prior state charges that are a mismatch of elements because certain state charges are indivisible to that of the federal guidelines and cannot be used to enhance a defendant under a career offender guideline." *Id*. at 3. Defendant believes that "this clarification of an old law would have affected his case positively and [he] would not have been characterized as a career offender, which would have lowered his sentence significantly." *Id*. Defendant provides no case citation for "Mathis" and merely states that it is a 2016 decision. *Id*. We will assume defendant is referring to *Mathis v. United States*, 136 S. Ct. 2243 (2016).

III.   LAW AND ANALYSIS

After reviewing defendant's motion, it appears that it could be construed as an untimely motion to vacate, set aside, and correct sentence under 28 U.S.C. § 2255. Defendant failed to file a timely notice to appeal the judgment of sentence. Therefore, the claim is arguably barred by defendant's failure to challenge the sentencing guidelines calculations on direct appeal. *U. S. v. Vaughn*, 955 F.2d 367 (5th Cir. 1992); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

Further, defendant's reliance on the *Mathis* decision is misplaced and rejected. He offers no specific reason to apply *Mathis*' career offender enhancement analysis of a prior conviction for violating an indivisible Iowa burglary statute to this defendant's prior drug conviction for violating a Louisiana controlled dangerous substance statute. Moreover, nothing in *Mathis* created a new constitutional right

and the Supreme Court did not explicitly hold that its decision should apply retroactively. Further, the Fifth Circuit specifically found that *Mathis* does not set forth a new rule of constitutional law that was made to apply retroactively to collateral proceedings. See *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016); see also *Thompson v. United States*, 2017 WL 1629141, slip op. at *2 (N.D. Tex. Apr. 13, 2017) ("…*Mathis* did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review.").

Even if *Mathis* has retroactive application here, it would not lead to a sentence reduction. Defendant does not seek to correct a minor clerical error in the PSR under Rule 36 of the Federal Rules of Criminal Procedure. He seeks to "correct error and modify sentence to reflect the low end of the proper guideline he should have received had the Probation [Office] presented a correct guideline calculation." Rec. Doc. 79 at 3. The court accepted probation's guideline calculations, among other factors, in the process of fashioning just punishment but not more than necessary to achieve sentencing goals, i.e. respect for law and discourage recidivism. If defendant's motion to correct the PSR is allowed, it would constitute a major substantive change to the PSR and possibly the sentence at issue. In such an event however, we state emphatically here that even with that change the same sentence would be pronounced as just punishment but not more than necessary to promote sentencing goals, namely respect for the of law, protect the public, and deter this

defendant from committing future crimes, in view of his long pattern of criminal misconduct.

Notably, the plea agreement contains an express waiver of defendant's right to appeal or collaterally attack the sentence. Rec. Doc. 37 at 2. The right to appeal a sentence is a proper subject of waiver. *United States v. Cooley*, No. CR 02-302, 2005 WL 8160353, at *1 (E.D. La. Aug. 8, 2005). A defendant can waive the right to appeal as part of a plea agreement if the waiver is informed and voluntary. *U. S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Effective waivers include "an informed and voluntary waiver of post-conviction relief," under a 28 U.S.C. § 2255 motion. *Id.* This defendant's plea agreement contained explicit and pertinent waivers here: "…The defendant further waives his right to contest his prior conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255..." (Rec. Doc. 37 at 2). Moreover, the waiver was voluntarily and knowingly entered, thusly binding and precluding the action requested. The plea agreement provides that the only exceptions to this waiver are for claims of ineffective assistance of counsel or direct contests to the validity of the plea agreement. Rec. Doc. 37 at 2.

Defendant's pending motion, subject to withdrawal or amendment, has not raised any issues regarding voluntary entry into the plea agreement, nor his lack of understanding of the terms contained within it. Rec. Doc. 79. Defendant has not

contended, much less shown, that he suffered from ineffective assistance of counsel or that the waiver in the plea agreement was not valid. *Id*.

Defendant Holden's motion to be transferred to a low-security facility is not within the statutory purview of the court. The Bureau of Prisons has the actual authority to designate the place of defendant's incarceration because the Executive Branch, not the Judicial Branch, is responsible for administering sentences. See *United States v. Addonizio*, 99 S.Ct. 2235 (1979); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993); *United States v. Serafini*, 233 F.3d 758, 778 n. 23 (3d Cir.2000); 18 U.S.C. §§ 4001, 3621(b).

New Orleans, Louisiana this 19th day of November 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE